Rehearing granted, August 31, 2011

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 10-4327**

—————————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

MICHAEL CARL STEVENSON,

                    Defendant – Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (7:08-cr-00057-BO-3)

—————————

Submitted:  April 26, 2011          Decided:  July 19, 2011

—————————

Before DAVIS, WYNN, and DIAZ, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Denise Walker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Michael Carl Stevenson was convicted of one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). On appeal, Stevenson claims the evidence was not sufficient to support the conviction. We affirm.

This court reviews de novo the denial of Stevenson's motion for judgment of acquittal. See United States v. Green, 599 F.3d 360, 367 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010). "[V]iewing the evidence in the light most favorable to the Government," United States v. Bynum, 604 F.3d 161, 166 (4th Cir.) (internal quotation marks omitted), cert. denied, 130 S. Ct. 3442 (2010), the court is to determine whether the conviction is supported by "substantial evidence," where "substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt," United States v. Young, 609 F.3d 348, 355 (4th Cir. 2010) (internal quotation marks omitted). The ultimate question is whether "any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." Bynum, 604 F.3d at 166 (internal quotation marks omitted).

Conviction for conspiracy to distribute narcotics under 21 U.S.C. § 846 requires proof beyond a reasonable doubt of three elements: "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Kellam, 568 F.3d 125, 139 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009). "Because a conspiracy is by nature clandestine and covert, there rarely is direct evidence of such an agreement . . . [C]onspiracy is usually proven by circumstantial evidence." United States v. Yearwood, 518 F.3d 220, 226 (4th Cir. 2008) (internal quotation marks and citation omitted). Evidence supporting an agreement may consist of the defendant's relationship to the other conspirators and his conduct and attitude during the course of the conspiracy. United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc).

We conclude that the evidence was sufficient to show that Stevenson entered into a conspiracy with Beatty and Patterson. Stevenson knew Beatty had a history of dealing drugs and had allowed him to store drugs on his property. On the day of the transaction, Stevenson provided Beatty with drug testing kits, drove him and Patterson to the location of the drug deal, kept his plans private from other individuals, discussed with the other two men that they needed to be on the same page if

anything went wrong and agreed to accept payment of $1000 for driving. We conclude that this evidence of Stevenson's conduct and attitude shows that he was in agreement with the other men to purchase narcotics for the purpose of distribution.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED