**ON REHEARING**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-4327**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL CARL STEVENSON,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (7:08-cr-00057-BO-3)

---

Submitted: October 25, 2011      Decided: December 9, 2011

---

Before DAVIS, WYNN, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Denise Walker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Michael Carl Stevenson was convicted of one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). On appeal, Stevenson's counsel filed a brief claiming the evidence was insufficient to support the conviction. We affirmed. See United States v. Stevenson, No. 10-4327, 2011 WL 2837402 (4th Cir. July 19, 2011) (unpublished). We subsequently stayed the mandate pursuant to Fed. R. App. P. 41(d)(1) and granted Stevenson's pro se petition for rehearing, reinstated and granted his November 2, 2010 motion for leave to file a pro se supplemental brief and directed the Government to file a brief addressing Stevenson's pro se claim that the district court abused its discretion by ordering a sentence at the top end of the Sentencing Guidelines, without indicating it considered counsel's arguments for a sentence at the low end of the Guidelines or any of the 18 U.S.C. § 3553(a) (2006) sentencing factors, citing United States v. Lynn, 592 F.3d 572 (4th Cir. 2010), and United States v. Carter, 564 F.3d 325 (4th Cir. 2009). After receiving the Government's brief and conducting further review, we affirm the conviction and sentence.

This court reviews de novo the denial of Stevenson's motion for judgment of acquittal. See United States v. Green,

2

599 F.3d 360, 367 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010). "[V]iewing the evidence in the light most favorable to the Government," United States v. Bynum, 604 F.3d 161, 166 (4th Cir.) (internal quotation marks omitted), cert. denied, 130 S. Ct. 3442 (2010), the court is to determine whether the conviction is supported by "substantial evidence," where "substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt," United States v. Young, 609 F.3d 348, 355 (4th Cir. 2010) (internal quotation marks omitted). The ultimate question is whether "any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." Bynum, 604 F.3d at 166 (internal quotation marks omitted).

Conviction for conspiracy to distribute narcotics under 21 U.S.C. § 846 requires proof beyond a reasonable doubt of three elements: "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Kellam, 568 F.3d 125, 139 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009). "Because a conspiracy is by nature clandestine and covert, there rarely is direct evidence of such an agreement . . . . [C]onspiracy is

3

usually proven by circumstantial evidence." United States v. Yearwood, 518 F.3d 220, 226 (4th Cir. 2008) (internal quotation marks and citation omitted). Evidence supporting an agreement may consist of the defendant's relationship to the other conspirators and his conduct and attitude during the course of the conspiracy. United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc).

We conclude that the evidence was sufficient to show that Stevenson entered into a conspiracy with Beatty and Patterson. Stevenson knew Beatty had a history of dealing drugs and had allowed him to store drugs on his property. On the day of the transaction, Stevenson provided Beatty with drug testing kits, drove him and Patterson to the location of the drug deal, kept his plans private from other individuals, discussed with the other two men that they needed to be on the same page if anything went wrong and agreed to accept payment of $1000 for driving. We conclude that this evidence of Stevenson's conduct and attitude shows that he was in agreement with the other men to purchase narcotics for the purpose of distribution.

We have reviewed the issues Stevenson presented in his pro se supplemental brief and conclude that none of the issues compel us to vacate his conviction or sentence. With regard to Stevenson's sentencing issues, we have reviewed the record and conclude that the district court did not abuse its discretion.

4

See Gall v. United States, 552 U.S. 38, 51 (2007) (stating standard of review).

The court reviews first the reasonableness of the process by which the sentencing court arrived at its decision and then reviews the reasonableness of the sentence itself. Id. In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). Where, as here, the district court imposed a within-Guidelines sentence, the explanation may be "less extensive, while still individualized." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010). "This is because guidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." Id. (internal quotation marks omitted). However, that explanation must be sufficient to allow for

"'meaningful appellate review,'" Carter, 564 F.3d at 330 (quoting Gall, 552 U.S. at 50), such that the appellate court need "not guess at the district court's rationale." Id. at 329. A court's reasoning for imposing a within-Guidelines sentence may be clear from anything the court said to the defendant throughout the sentencing hearing. See United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

In order to preserve a sentencing issue for appellate review, the defendant "must, at some point in the proceedings draw arguments from § 3553 for a sentence different than the one ultimately imposed[.]" United States v. Lynn, 592 F.3d 576, 578 (4th Cir. 2010); see also United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (arguments under 18 U.S.C. § 3553(a) for a sentence different than the one imposed are sufficient to preserve a claim).

Under 18 U.S.C. § 3553(a), the district court should consider the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to provide adequate deterrence, to protect the public and to provide the defendant with educational and vocational training.

Stevenson's counsel requested a sentence at the low end of the Guidelines, asserting that such a sentence would be

sufficient deterrence and would serve to protect the public. Because counsel's request for a low sentence was not supported with anything from the record and was nothing more than a recitation of two of the § 3553(a) sentencing factors, we conclude that the court was not obliged to directly respond to counsel's request. We note, in contrast, that the Government provided a factual basis in support of its request for a sentence at the high end of the Guidelines.

We conclude that the district court properly "place[d] on the record an individualized assessment based on the particular facts of the case before it," Carter, 564 F.3d at 330, and adequately stated its reasoning for sentencing Stevenson to the high end of the Guidelines. The sentencing transcript demonstrates that the court, having presided over the trial, based the sentence on Stevenson's history and characteristics. For example, the court stated the Guideline range and then heard arguments from defense counsel and from the Government. The court also permitted Stevenson to speak. During a colloquy with Stevenson, the court stated the following: "I think that you've had a life of manipulation and deceit and that you have been able to survive through those methodologies and that, unfortunately for you, the time has come where the lies and deceit have run out."

Even if the district court failed to give adequate consideration to counsel's request for a sentence at the low end of the Guidelines or to the § 3553(a) sentencing factors, we conclude that any error was harmless. There is nothing in the record to suggest that the court's approach to determining the sentence had an improper substantial and injurious effect or influence on the proceedings. See Lynn, 592 F.3d at 585.

Accordingly, we affirm Stevenson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED